| | |
|---|---|
| ROBERT TURNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:17-cv-1352-SEB-DML |
| ) | |
| FRANCISCAN ALLIANCE, INC. ) | |
| d/b/a Franciscan Health Indianapolis, ) | |
| formerly St. Francis Hospital ) | |
| ) | |
| Defendant. ) | |

# FIRST AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

1. Plaintiff, Robert Turner ("Mr. Turner"), by counsel, brings this action against Defendant, Franciscan Alliance, Inc., d/b/a Franciscan Health Indianapolis ("Defendant"), alleging that Defendant violated his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.

## PARTIES

2. At all times relevant to this action, Mr. Turner has resided within the Southern District of Indiana.

3. Defendant is a domestic nonprofit corporation doing business within the Southern District of Indiana, Indianapolis Division. Defendant is an Indiana nonprofit corporation registered with the Indiana Secretary of State with its' headquarters at 1515 W Dragoon Trial,

Mishawaka, IN 46544-1290. The particular location is at 8111 S Emerson Avenue, Indianapolis, Indiana 46237.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) over the Plaintiff's federal claims, and this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Mr. Turner was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Mr. Turner has satisfied his obligations to exhaust his administrative remedies, having filed one (1) Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right to sue notice to Mr. Turner on January 27, 2017. See Exhibit A. He now timely files this Complaint.

8. Venue is proper in this Court because Mr. Turner's cause of action arose in Indianapolis, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

9. Mr. Turner received a confirmation letter of his employment with the Defendant on Friday, February 19, 2016.

10. Defendant hired Mr. Turner for the position of on-call cook in the Defendant's Food and Nutrition Services Department (the "Department").

11. Mr. Turner at all relevant times had the requisite skills, experience and education for the position he held with the Defendant.

12. Previous to his employment with the Defendant, Mr. Turner worked for many years in the food and restaurant industry and is an experienced cook.

13. At all times relevant, Mr. Turner's work performance met Defendant's legitimate expectations.

14. While Mr. Turner was hired as a part-time employee, and received no benefits as a result, Mr. Turner was required to work upwards of eighty (80) hours per week for the Defendant.

15. Before filing the Complaint, Mr. Turner applied for promotions at the request of the Defendant's human resources department, and Mr. Turner was eligible, but the Employee refused to consider Mr. Turner's applications and deny the promotions based on Mr. Turner's race.

16. During the course of his employment with the Defendant, Mr. Turner witnessed on multiple occasions an employee ("Employee") of the Defendant physically touch another employee in a manner that Mr. Turner believed to be inappropriate for the workplace.

17. On or about May 16, 2016, Mr. Turner requested a meeting (the "Meeting") with the Defendant's human resources department to report the events that he had witnessed and to file a complaint.

18. During the Meeting, Mr. Turner filed a formal complaint ("Complaint") with a human resources employee in the Defendant's human resources department.

19. During the Meeting, Mr. Turner included in the report and Complaint that he had witnessed the Employee physically touch another employee in a manner that Mr. Turner believed to be inappropriate for the workplace.

20. The filing of the Complaint by Mr. Turner is protected activity under Title VII.

21. Prior to filing the Complaint, the Employee made one regular "round" around the kitchen where Mr. Turner worked.

22. On or about the same day Mr. Turner made the Complaint about the Employee, Mr. Turner was confronted by the Employee regarding the Complaint and the contents thereof, including the Employee being named in the Complaint.

23. On multiple occasions after Mr. Turner made the Complaint, the Employee approached Mr. Turner at work and watched over him while he worked and intimidated Mr. Turner, including verbal harassment based on his race.

24. On multiple occasions after Mr. Turner made the Complaint, the Employee approached Mr. Turner at work and/or threatened Mr. Turner with his job if Mr. Turner made any mistakes.

25. On multiple occasions after Mr. Turner made the Complaint, the Employee reminded Mr. Turner that Mr. Turner was still within the new employee "training/probationary" period and threatened that, as a result, he could be fired at any time for any mistake.

26. On multiple occasions after Mr. Turner made the Complaint, the Employee subjected Mr. Turner to harassment based on Mr. Turner's race.

27. Defendant was aware of previous incidents involving the Employee and failed to take corrective action.

28. The Defendant facilitated the Employee's conduct and harassment of Mr. Turner.

29. Defendant failed to properly manage, train, and otherwise supervise the Employee.

30. Defendant failed to properly manage, train, and otherwise supervise the Defendant's human resource employees.

31. Defendant failed to follow their policies and procedures with regards to training, managing, and otherwise supervising the Employee.

32. Defendant failed to follow their policies and procedures with regards to terminating Mr. Turner.

33. Defendant terminated Mr. Turner on or about June 9, 2016.

34. Defendant retaliated against Mr. Turner for engaging in protected activity under Title VII by deliberately and immediately revealing his identity to the Employee named in Mr. Turner's report, subjecting Mr. Turner to unfair work conditions, threatening to fire him, and ultimately firing him.

35. Any reason given by the Defendant for the adverse employment actions it took against Mr. Turner is pretextual.

36. As a result of Defendant's unlawful conduct, Mr. Turner has suffered and continues to suffer injuries.

## CAUSES OF ACTION:
## COUNT I – RETALIATION – TITLE VII

37. Mr. Turner incorporates by reference paragraphs 1-37 of his Complaint as if the same were set forth at length herein.

38. Mr. Turner engaged in protect activity under Title VII by reporting or otherwise filing a sexual harassment complaint with the Defendant's human resources department.

39. Defendant retaliated against Mr. Turner because Mr. Turner reported or otherwise filed a sexual harassment complaint with the Defendant's human resources department.

40. Defendant's actions were intentional, willful, and done in reckless disregard of Mr. Turner's rights as protected by Title VII.

41. Mr. Turner has been injured as a result of Defendant's unlawful actions.

## COUNT II – HOSTILE WORK ENVIRONMENT – TITLE VII

42. Paragraphs 1 through 41 are restated and reincorporated as if fully rewritten herein.

43. Plaintiff's work environment was objectively offensive.

44. Plaintiff's work environment was subjectively offensive.

45. A reasonable person would find Plaintiff's work environment to be hostile or abusive.

46. The Plaintiff perceived the work environment as hostile and abusive.

47. The harassment suffered by the Plaintiff was so severe and pervasive that it altered the conditions of the Plaintiff's employment and created an abusive working environment.

## COUNT III – NEGLIGENCE UNDER INDIANA LAW

48. Paragraphs 1 through 47 are restated and reincorporated as if fully rewritten herein.

49. Defendant had a duty to supervise, manage, and train Defendant's supervisors and employees.

50. Defendant breached their duty.

51. Defendant's breach of their duty caused injuries to the Plaintiff.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Robert Turner, by counsel, respectfully requests that this Court find for him and order that Defendant:

1. Pay front pay and benefits to Mr. Turner;

2. Pay lost wages and benefits to Mr. Turner;

3. Pay pain and suffering, mental anguish and emotional distress damages to Mr. Turner;

3. Pay compensatory and punitive damages to Mr. Turner;

4. Pay pre- and post-judgment interest to Mr. Turner;

5. Pay Mr. Turner's reasonable attorney's fees and costs incurred in pursuing this matter; and

6. Provide to Mr. Turner any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

**JURY DEMAND**

Plaintiff demands a trial by jury.

                                        Respectfully submitted,

                                        s/Bradley C. Lohmeier
                                        Bradley C. Lohmeier, #34098-49
                                        Lohmeier Law LLC
                                        P.O. Box 441813
                                        Indianapolis, Indiana 46244
                                        T: (317) 503-4978
                                        E: bradley@lohmeierlaw.com